### ANN ARBOR RAILROAD CO. v. ARTHUR KINZ, BY HIS NEXT FRIEND, GEORGE KINZ.

LIABILITY MAINTAINING DANGEROUS EMBANKMENT.

> Where a railroad company, in removing earth from its grounds, left on one side of the excavation a steep embankment, the face of which was concave and overhanging the excavation, creating a place where boys would naturally assemble and where, to the knowledge of the railway company, they were allowed, for more than a year, to play, such company is liable for injuries caused by the falling of the bank, whether the persons injured are regarded as trespassers or licensees.

HEARD ON ERROR.

*Hamilton & Kirby*, for defendant in error, cited:

Sioux City & P. R. Co. v. Stout, 84 U. S. (17 Wall.) 657; Bennett v. Railroad Co., 102 U. S., 577; Union Pac. R. Co. v. McDonald, 152 U. S. 262, 270, 273 [14 S. Ct. Rep. 619]; Bellefontaine & Ind. Ry. Co. v. Snyder, 18 O. S. 399 [98 Am. Dec. 175]; Harriman v. Railway Co., 45 O. S. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507]; Findlay Brewing Co. v. Bellman, 4 Circ. Dec. 22 (9 R. 277); Lynch v. Murdin, 1 Q. B., 29 (Leading case); Powers v. Harlow, 53 Mich. 507 [51 Am. Rep. 154]; Braum v. Labrot, 81 Ky. 638; Davis v. Railway Co., 58 Wis. 646 [17 N. W. Rep. 406]; Black's Law and Practice in Accident Cases, p. 89; Cooley on Torts, 604-7; Wharton on Negligence, Secs. 349-52; Thompson on Negligence, Secs. 304, 1129, 1140, 1181-4 and 5; 2 Sherman & Redfield on Negligence, p. 1222.

Where children are on defendant's road under an implied license the company owes them a duty to abstain from injuring them carelessly or negligently. Driscoll v. Newark Co., 37 N. Y. 637 [97 Am. Dec. 761]; Nicholson v. Railway Co., 41 N. Y. 525; Sutton v. Railway Co., 66 N. Y. 243, 248; Mackay v. Vicksburg, 2 So. Rep. 178 [64 Miss. 777]; Brinkley Car Co. v. Cooper, 31 S. W. Rep. 154 [60 Ark. 545; 46 Am. St. Rep. 216]; Scofield v. Burkett, 2 S. W. Rep. 838 [90 Mo. 284]; 83 Ky., 119 (child fourteen years of age in R. R. yards).

Child swinging from a gate which fell. (Court sustained liability of **R. R. Co.** Knew of children being in the habit of going there.) Chicago, K. & W. Rd. v. Bockoven, 36 Pac. Rep. 322 [53 Kan. 279].

Deep pit in a populous city. Pekin v. McMahon, 39 N. E. Rep. 484 [154 Ill. 141; 27 L. R. A. 206; 45 Am. St. Rep. 114].

Liability for negligent injury of trespasser after knowledge of his presence. Herrick v. Wixom, 80 N. W. Rep. 117. (Mich.) 81 N. W. Rep. 333, Hector Mining Co. v. Robertson, 45 Pac. Rep. 406 [22 Colo., 491].

Keeping by waterworks company in its grounds deep reservoirs attractive to small boys who come there with its permission to play, is liable if one of them falls in and is drowned. Price v. Water Co., 50 Pac. Rep. 450 [58 Kan. 551]; followed in Biggs v. Barb Wire Co., 56 Pac. Rep. 4 [60 Kan. 217].

Owner liable where elevator is maintained and held to hold out implied invitation to five year old child, and liable for injury from unsafe condition of his property. Siddall v. Jansen, 48 N. E. Rep. 191 [168 Ill. 43; 39 L. R. A. 112].

Unguarded tank for reception of hot mash, child injured; held, owner liable. See Defiance Water Co., v. Olinger, 54 Ohio St. 532 [44 N. E. Rep. 238; 32 L. R. A. 736]; Bradford Glycerine Co. v. Manufacturing Co., 60 Ohio St. 560 [54 N. E. Rep. 528]; Pittsburg, C. & St. L. Railway Co., v. Shields, 47 Ohio St. 387 [24 N. E. Rep. 658; 21 Am. St. Rep. 840]; Powers v. Harlow, 53 Mich. 50 [19 N. W. Rep. 257].

Railway Company required to fence in its tracks and grounds. Section 3334, Rev. Stat. of Ohio.

*Smith & Beckwith*, for plaintiff in error.

HAYNES, J. (orally).

This action is brought to reverse the judgment of the court of common pleas in a personal injury case. The case is one that presents an interesting question of law, and it has been argued upon a single question of law, which goes to the foundation of the plaintiff's right to recover.

Briefly, the plaintiff, a boy, now of thirteen years, and perhaps about eleven years of age at the time of the occurrence, was playing upon certain grounds belonging to the Ann Arbor Railroad Company, near its track, at a point where there had been an excavation made in a bank, for the purpose of cutting down a grade and levelling off some land for the use of the railroad company for its tracks. At this point the bank was about thirteen feet high and had been excavated with a steam shovel, which in its movements, described a curve making a curved space near the base of the embankment which went towards the top quite perpendicularly but left, to some extent, an overhanging portion of the bank. After this work had been done the boys occupied the ground for the purpose of playing base ball and continued to do so for a period of fourteen or fifteen months, perhaps, and small boys gathered around for the purpose of witnessing the games, and during that time were in the habit of amusing themselves by digging the earth out of the bank with their fingers, or sticks, and in one or two instances it is said, with a pick, and making it into balls and throwing them at each other and played in that way; and while they were so engaged, a portion of this bank so overhanging fell upon the plaintiff and injured him very seriously.

Railroad Co. v. Kinz.

It is contended on behalf of the railroad company that it owed no duty to these boys, playing on its land and occupying its premises, in regard to their safety in so coming there. On the other hand, it is claimed on the part of the plaintiff that the defendant owed a duty to these boys whether they were trespassers or licensees; as they were in the habit of going there with the knowledge of the defendant and playing in the manner that I have described.

The question is an interesting one, but I shall not attempt to enter upon a discussion of it at present to any great extent. The authorities cited are voluminous. Perhaps the latest collection of authorities upon this subject is found in Thompson's last work on negligence, the last edition, where there is a very full and able discussion and a citation of a great many authorities on the subject. Mr. Thompson concedes, more in anger than in sorrow, I think, that the late trend of decisions has been against the holding of the owners of property liable under these circumstances, but thinks the law should be otherwise, and that it should be as he has stated it in his former edition. It is true there is a great diversity of decisions and a great contrariety of opinion on this subject; opinions diametrically opposed to each other and delivered with great learning and ability by courts of high standing.

This is a case, as it will be perceived, where the owner of the property had upon its premises created or permitted a condition of affairs that was dangerous to boys; it is said in the petition, that it was a place where boys would naturally gather and congregate to play around this bank, and that allegation seems to be true, and in the view we take of it, sitting as we do as a subordinate court, we think our first duty is to inquire what the law of Ohio is upon this subject and what is the trend of decisions on the part of the Supreme Court of this state.

Perhaps the most important case which presents itself is that of Harriman v. Railroad Company, in 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507]. I think a perusal of that case and of the cases there cited and the discussions of the court, show that the Supreme Court of this state *tends* to the doctrine of liability on the part of the owner of property under those circumstances, to a person who may be injured and goes on there, either as a trespasser or as a licensee.

Holding those views and believing that we stand upon the decision of the Supreme Court, we feel compelled to hold in this case that the judgment of the court of common pleas should be affirmed, and leave it to the Supreme Court, where the case will undoubtedly go, and where it ought to go, for their final decision. Certainly it is an interesting question and should be passed upon by that court. The 'judgment of the court of common pleas will, therefore, be affirmed, reasonable cause certified and no penalty allowed.